CLARENCE E. SPILLER *vs.* ERNEST E. BECHARD.

Cumberland.   Opinion February 3, 1913.

*Creditor.   Collusion.   Execution.   Fraud.   Levy.   Notice.   Officer.*
*Possession.   Sale.*

1.  In an action against an officer, under Revised Statutes, Chapter 86, Section 9, which provides that if an officer levying an execution on personal property commits any fraud in the sale or return, he forfeits to the debtor five times the sum of which he defrauds him, the plaintiff can recover only on proof of fraud and not by showing merely other faults, or neglects, of the officer not amounting to fraud.
2.  Fraud must be proved, not merely surmised.

On report.   Judgment for the defendant.

This is an action on the case against the defendant, a deputy sheriff, under Revised Statutes, Chapter 86, Section 9, relating to levies of executions on personal property.   The plaintiff was judgment debtor in an execution on which defendant seized two automobiles, the property of the plaintiff.   That the defendant has never made any return on the execution, nor accounted for the money received therefor.   At the conclusion of the evidence, the case was reported to the Law Court.   The Law Court, upon so much of the evidence as is legally admissible, is to render such judgment as the rights of the parties require.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden, F. O. Watson, and Charles G. Keene,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING:   WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

SAVAGE, J.   This action is brought against the defendant, a deputy sheriff, under R. S., Chap. 86, Sect. 9.   Chapter 86 relates to levies of executions on personal property, and Section 9 provides that if

an officer so levying an execution "commits any fraud in the sale or return, he forfeits to the debtor, five times the sum of which he defrauds him, to be recovered in an action on the case." The case comes up on report.

The plaintiff's right to recover depends upon the proof of the defendant's fraud, and not the proof merely of other faults or neglects. These are the facts.

The plaintiff was judgment debtor in an execution on which the defendant seized two automobiles, the property of the plaintiff. When seized the machines were in a garage occupied and controlled by the judgment creditors, one of whom was the defendant's brother, a lawyer, who had brought the action in which the execution issued. The manager of the garage, also, was a judgment creditor. The machines had been left in the garage by this plaintiff, but at a time prior to the possession by the judgment creditors.

The plaintiff claims that the defendant sold both machines to employees of the judgment creditors, presumably for the creditors; that they were sold for prices which in the aggregate largely exceeded the amount due on the execution, that the defendant has made no return on the execution, and has not accounted to the plaintiff for the surplus, that he has concealed from the plaintiff what he now claims to be the true history of the sale, and that upon a view of all the evidence it should be found that he was acting in fraudulent collusion with the judgment creditors, to the plaintiff's damage.

The defendant, being called as a witness by the plaintiff, testified in effect that after due notice he sold at the garage one of the machines at auction to an employee of the judgment creditors for $50, that he understood it was bid in for the creditors, and made a memorandum to that effect on the execution; that he then offered the other machine for sale; that it was bid off by one Whitney, a brother of the manager of the garage, for $395; that he told the purchaser he must pay for it then; that Whitney said he had no money and could not pay for it; that thereupon he gave notice of a second sale, as provided in Section 8, of Chapter 86 of the Revised Statutes; that at the time appointed for the second sale, he offered the machine for sale, but could get no bids; that he then left the machine where it was, it being the place where the plaintiff had put

it, and where he had seized it, and took no further steps towards a sale; that he received no money for either machine; that he took the execution to the office of his brother, the lawyer, that the latter might write out a return for him to sign; that his brother was then ill and some months later died; and that he never saw the execution again until after it had been found among his brother's papers, after the latter's death. It is a fact that no return has ever been made on the execution, and the execution has never been returned to court.

The defendant's testimony,—and there is really little in the case which rebuts it,—not only fails to show fraud, but it tends to show the contrary. One or two witnesses who were employed about the garage, including the manager, testify that they did not know of the attempted second sale. This may be true, and yet the sale may have been attempted as the defendant claims. So much for the history of the sale, of which we have given all the salient features that appear in the case.

The plaintiff relies in part upon the subsequent conduct of the defendant, first with respect to the return of the execution, and again because he failed, in various interviews with plaintiff's counsel, to disclose the fact that there had been an attempted second sale, and the reason for it. Under the circumstances of this case, we do not think that great significance can be attributed to these circumstances.

As has been said many times, fraud must be proved. It is not to be merely surmised. And the observance of this rule is especially important when recovery is sought under a statute so highly penal as is the one under which this suit is brought. We are unable to discover sufficient badges of fraud on the part of the defendant to warrant a judgment for the plaintiff on that ground. If there was fraud, it has not been proved.

*Judgment for defendant.*